(95 Misc. Rep. 122)

### GREENWALD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term, First Department.   May 22, 1916.)

**1. CARRIERS ⬩35—CARRIAGE OF GOODS—INTERSTATE COMMERCE COMMISSION —REGULATION.**

An initial carrier of an interstate shipment, by noting in the bill of lading, "Car to be opened by consignee," had no authority to vary the regulation of the Interstate Commerce Commission that the terminal carrier should unload all cars consigned to a particular station.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 94; Dec. Dig. ⬩35.]

**2. CARRIERS ⬩121—CARRIAGE OF GOODS—DAMAGE—FAULT OF SHIPPER.**

Damage to a shipment of goods, due to its improper packing by the shipper, imposes no liability on the carrier, and where goods shipped were packed by the shipper in the car, the railroad was not liable for damage thereto, unless it occurred while the property was being unloaded by the road.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 531–536; Dec. Dig. ⬩121.]

**3. TRIAL ⬩260(2)—INSTRUCTIONS—REQUESTS.**

Requested instructions, stating correctly the only issues to be submitted to the jury, not clearly laid down in the main charge, should have been given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 652; Dec. Dig. ⬩260(2).]

**4. CARRIERS ⬩135—CARRIAGE OF GOODS—MEASURE OF DAMAGES.**

The measure of damages to a shipper of goods damaged by the negligence of a carrier in handling at destination is the difference between the market value, at destination, of the goods in the condition in which they were when shipped and such value in the condition in which they were delivered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–602, 603½–604½; Dec. Dig. ⬩135.]

Appeal from City Court of New York, Trial Term.

Action by Daniel Greenwald against the New York Central & Hudson River Railroad Company.   From a judgment for plaintiff, defendant appeals.   Judgment reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Alex. S. Lyman, of New York City (William Mann and Jacob Aronson, both of New York City, of counsel), for appellant.

Franklin Bien, of New York City, for respondent.

BIJUR, J.   This action was brought by plaintiff for damages to a shipment of goods from Detroit to New York.   The goods were packed by plaintiff in a car at Detroit upon the tracks of, and delivered for shipment to, a connecting carrier of the defendant, the Michigan Central Railroad Company.   The bill of lading, which is otherwise in the ordinary form, has a notation "Car to be opened by consignee." When the car reached the place of delivery specified, namely, the Franklin Street pier of the defendant, in this city, it was opened by defendant's employés, who, in accordance with their usual custom, proceeded to store the goods or otherwise handle them for delivery

to the plaintiff's representatives. Plaintiff's witnesses testified that in the course of this unloading of the car some of the goods were thrown about, trampled on, and presumably damaged. Defendant gave evidence to the effect that the car was improperly and carelessly loaded by plaintiff's representatives at Detroit.

[1] In order to make clear the issues to be determined by the jury, defendant presented three requests to charge, each one of which was correct, but all of which were declined by the learned trial court. The third request was that, because defendant had filed with the Interstate Commerce Commission rules and regulations which provided that defendant should unload all cars consigned to the Franklin Street station, the Michigan Central Railroad Company had no authority to vary such regulation. This request stated the correct rule as to the binding character of the tariffs and regulations filed with the Interstate Commerce Commission. See Pennsylvania Railroad Company v. Puritan Coal Co., 237 U. S. 121, 35 Sup. Ct. 484, 59 L. Ed. 867; Boston & Maine R. R. Co. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593.

[2, 3] However, the entire subject of the opening of the car by the plaintiff is entirely immaterial, because the damage, if any, caused by the defendant, resulted, not from opening the car, but from the subsequent handling of the goods. As to this, defendant's first request was that, "if the jury find that the damage was due to the improper packing by the shipper, the defendant is not liable," and the second request (being the corollary of the first), "that unless the jury find that the damage occurred while the property was being unloaded by the defendant, the verdict should be for defendant." These requests stated correctly the only issues to be submitted to the jury, and particularly, as they had not been clearly laid down in the main charge, they should have been charged as requested.

[4] As there must be a new trial, it may not be inept to call attention to the fact that a totally incorrect rule of damages was apparently permitted to be allowed in the proof. If plaintiff has been damaged by the negligence of the defendant, the correct measure of damage is the difference between the market value here of the goods in the condition in which they were when shipped and their market value in the condition in which they were delivered by defendant to plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.